IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JENNIFER RUSH on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ARSTRAT, LLC,<br><br>Defendant. | Case No.: 6:25-CV-3378 |

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Arstrat, LLC, through its undersigned counsel, responds to Plaintiff Jennifer Rush's Class Action Complaint as follows:

### **Background**

1. Jennifer Rush ("Plaintiff") brings this class action against Arstrat, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

**ANSWER:** **Defendant admits Plaintiff purports to bring TPCA claims on behalf of herself and a putative class but denies Plaintiff has valid claims, denies the putative class can be certified, and denies it violated the TCPA.**

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls-3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer

1

Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER: Defendant states the above referenced case speaks for itself and denies any allegations in the above paragraph that misquote, misrepresent, and/or mischaracterize its contents or holding.**

3. Plaintiff brings this action under the TCPA alleging that Defendant advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

**ANSWER: Denied.**

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

**ANSWER: Defendant admits Plaintiff purports to bring TPCA claims on behalf of herself and a putative class but denies Plaintiff has valid claims, denies the putative class can be certified, and denies it violated the TCPA.**

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER: Denied.**

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

**ANSWER:** Defendant maintains Plaintiff and the putative class members did not suffer an actual, concrete injury-in-fact and that the Court therefore lacks jurisdiction over this matter under Article III of the United States Constitution.

7. Venue is proper before this Court pursuant to 28 U.S.C. § I 391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**ANSWER:** Defendant maintains Plaintiff and the putative class members did not suffer an actual, concrete injury-in-fact and that the Court therefore lacks jurisdiction over this matter under Article III of the United States Constitution.  Defendant therefore denies venue is proper.

8. In particular, Defendant delivered, or caused to be delivered, the subject prerecorded calls to Plaintiff's cellular telephone in this district, and Plaintiff received the subject calls in this district.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

### Parties

9. Plaintiff is a natural person who at all relevant times resided in Webster County, Missouri, which is located within this district.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.

10. Defendant is a limited liability company headquartered in Sugar Land, Fort Bend County, Texas.

**ANSWER:** Admitted.

## Factual Allegations

11. Plaintiff is, and since July 23, 2025, the regular and sole user of her cellular telephone number-(417) XXX-XXXX.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

12. Plaintiff does not have a landline telephone number in her home or any other telephone number.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

13. Plaintiff personally pays for her cell phone plan; she is not reimbursed by a business.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

14. Plaintiff has never had her cell phone number associated with a business.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

15. Prior to the calls at issue, Plaintiff had never been a customer of Defendant nor had asked or inquired to be a customer of Defendant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

16. Plaintiff never did business with Defendant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

17. Despite this, Plaintiff received at least four calls from Defendant from telephone number (855) 581-1994.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

18. The calls were made by Defendant on July 28, August 1, August 8, and August 12, 2025.

**ANSWER: Defendant admits it attempted to place calls to a number ending 8041 on July 28, August 1, August 8, and August 12, 2025.**

19. Plaintiff did not answer any of the calls, however, Defendant left the identical prerecorded voicemails on each of the calls which stated the following:

> Hello, this is Rebecca Russell calling from Arstrat. Please contact me or any of our representatives at 888-843-0014. Again that number is 888-843-0014.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

20. The voicemails left for Plaintiff were artificial or prerecorded because they were identical in tone, speech, content, inflection, and wording.

**ANSWER: Defendant admits it attempted to leave artificial or pre-recorded messages upon certain call attempts to a number ending 8041.**

21. They sounded robotic, and the words "Rebecca Russell" and "Arstrat" sounded inserted into a prerecorded template message by use of a different robotic voice.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

5

22. The voicemails sounded completely artificial when compared to a real human voice.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

23. The calls to Plaintiff were unwanted.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

24. The calls were nonconsensual encounters.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

25. Plaintiffs privacy was violated by the above-described telemarketing calls.

**ANSWER: Denied.**

26. Plaintiff never provided her consent or requested the calls.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

27. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

**ANSWER: Denied.**

28. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**ANSWER: Denied.**

## Class Action Allegations

29. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER: Defendant restates and incorporates by reference its responses to the preceding paragraphs for its answer to the above paragraph.**

30. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER: Defendant admits Plaintiff purports to bring this action on behalf of herself and a putative class but denies such class exists and denies such class can be certified.**

31. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the Defendant's customer or accountholder they were trying to reach, (3) in connection with which a Humana used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

**ANSWER: Defendant admits Plaintiff purports to bring this action on behalf of herself and the above referenced putative class but denies such class exists and denies such class can be certified.**

32. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

**ANSWER: Denied.**

33. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER: Defendant admits Plaintiff excludes those referenced above from the putative class.**

34. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

**ANSWER: Denied.**

35. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER: Defendant denies the putative class can be ascertained, determined, and/or identified.**

36. The class is ascertainable because it is defined by reference to objective criteria.

**ANSWER: Denied.**

37. In addition, the members of the Class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

**ANSWER: Denied.**

38. Plaintiff's claims are typical of the claims of the members of the Class.

**ANSWER: Denied.**

39. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

**ANSWER: Denied.**

40. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

**ANSWER:   Denied.**

41. Plaintiff suffered the same injuries as the members of the Class.

**ANSWER:   Defendant denies Plaintiff and the putative class members suffered any injuries. To the extent they did, Defendant denies they suffered the "same injuries."**

42. Plaintiff will fairly and adequately protect the interests of the members of the Class.

**ANSWER:   Denied.**

43. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

**ANSWER:   Denied.**

44. Plaintiff will vigorously pursue the claims of the members of the Class.

**ANSWER:   Denied.**

45. Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

46. Plaintiff's counsel will vigorously pursue this matter.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

47. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

48. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the Class.

**ANSWER: Denied.**

49. Issues of law and fact common to all members of the Class are:

   a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff;

   b. Whether Defendant's conduct constitutes a violation of the TCPA; and

   c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER: Denied.**

50. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

**ANSWER: Denied.**

51. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

**ANSWER: Denied.**

52. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

**ANSWER: Denied.**

53. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

54. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

55. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

**ANSWER: Defendant denies Plaintiff and the putative class members suffered any damages. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the above paragraph.**

56. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER: Denied.**

57. There will be no extraordinary difficulty in the management of this action as a class action.

**ANSWER: Denied.**

58. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**ANSWER: Denied.**

## Count I
## Telephone Consumer Protection Act
## (Violations of 47 U.S.C. § 227(b))
## (On Behalf of Plaintiff and the Robocall Class)

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 58.

**ANSWER: Defendant restates and incorporates by reference its responses to the preceding paragraphs for its answer to the above paragraph.**

60. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

**ANSWER: Denied.**

61. The Defendant's violations were negligent, willful, or knowing.

**ANSWER: Denied.**

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER: Denied.**

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**ANSWER: Denied.**

## AFFIRMATIVE DEFENSES

### First Defense
### (Consent)

Plaintiff's claims and the claims of the putative class members are barred in whole or in part because they consented to receiving artificial and/or prerecorded calls and/or because Defendant had a good-faith basis to believe they consented.

### Second Defense
### (Estoppel, Waiver, and Unclean Hands)

Plaintiff's claims and the claims of the putative class members are barred in whole or in part by the doctrines of estoppel, waiver, and unclean hands because they accepted the alleged artificial and/or prerecorded calls from Defendant without objection and/or acted in bad faith in relation to the instant claims.

### Third Defense
### (Equitable Allocation, Recoupment, Set-off, Proportionate Responsibility, and/or Comparative Fault)

Any damages or losses sustained by Plaintiff and the putative class members must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than Defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### Fourth Defense
### (Standing)

Plaintiff's claims and the claims of the putative class members are barred in whole or part because they lack standing to bring and maintain the instant claims.

### Fifth Defense
### (Statute of Limitations)

TCPA claims are subject to a four-year statute of limitations. To the extent Plaintiff attempts to bring claims on behalf of herself or the putative class members for alleged violations of the TCPA that occurred more than four years prior to the filing of this action, they are time-barred.

### Sixth Defense
### (47 U.S.C. § 227(c)(5)(C))

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. Any alleged violations of the TPCA, which Defendant denies occurred, were unintentional and occurred despite such practices and procedures.

### Seventh Defense
### (Failure to Mitigate)

Plaintiff's claims and the claims of the putative class members are barred or diminished due to the failure to mitigate damages.

### Eighth Defense
### (Good Faith Reliance)

To the extent that any violations of the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities. *Chyba v. First Financial Asset Management*, (S.D. Cal. 2013); *Danehy v. Time Warner Cable Enterprise, LLC*, 2015 WL 5534285 (E.D.N.C. 2015).

### Ninth Defense
### (Violation of the United States' Constitution's Free Speech Clause)

Plaintiff's claims and the claims of the putative class members fail in whole or in part because the TCPA violates the United States' Constitution's First Amendment's Free Speech Clause, is unconstitutionally overbroad, and is unconstitutionally vague and ambiguous in contravention of the Fifth and Fourteenth Amendment's Due Process Clauses.

### Tenth Defense
### (Due Process)

The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to Plaintiff or the putative class members. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Murray v. GMAC*, 434 F.3d 948 (7th Cir. 2006).

### Eleventh Defense
### (Class Action Wavier and/or Agreement to Arbitrate)

Plaintiff's claims and the claims of the putative class members are barred in whole or part pursuant to class action waivers and/or arbitration agreements.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and award it the attorneys' fees and costs it incurred in defending this action, along with any other relief the Court deems just and equitable.

### RESERVATION OF RIGHTS

Defendant reserves all other applicable affirmative defenses that may now or in the future be available based on discovery, other factual investigation concerning this case, or for any other reason.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**HINSHAW & CULBERTSON LLP**

*/s/ James M. Brodzik*
James M. Brodzik, #66700
701 Market Street, Suite 260
St. Louis, Missouri 63101
P: 314-241-2600
F: 314-241-7428
jbrodzik@hinshawlaw.com
Attorneys for Defendant Arstrat, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices on February 2nd, 2026, including the below individuals:

To: Tylor Whitham
12120 State Line Rd, Box 265
Leawood, KS 66209
Telephone: 816-522-3399
tylor@whithamlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508-221-1510
anthony@paronichlaw.com

*/s/ James M. Brodzik*
James M. Brodzik